# D. LEE HIGH ET AL. *vs.* JAMES D. POLLOCK ET AL.

*Legacy Payable if Legatee Arrives at Certain Age Contingent, and Defeated by His Prior Death.*

A testator devised his real estate to his wife for life and at her death to his two sons. He then charged the land devised to the sons with the payments to be made by them as follows: The said sons shall each pay at the death of the life tenant to the testator's daughter Sallie the interest on $1,000 annually during her life. At the death of Sallie, the sons shall each pay the said interest to Sallie's son Walter until he has reached the age of twenty-four, "and upon the said Walter arriving at the age of twenty-four years, provided he arrives at that age after the death of his said mother, or if the said Walter is twenty-four years of age at the death of his mother, then each of my said two sons shall pay the sum of $1,000 to the said Walter." Sallie and Walter both died before the life tenant, and Walter at the time of his death was twenty-one years old. Upon a bill by the heirs at law of Walter to enforce payment of the legacy to him as a charge on the land, *held,* that the legacy did not vest upon the death of the testator, but the same was contingent upon Walter's living until the age of twenty-four, and since he died at the age of twenty-one, the plaintiffs as his heirs are not entitled to the legacy.

*Decided January 11th, 1911.*

Appeal from the Circuit Court for Allegany County (HEN-
DERSON, J.)

The cause was argued before BRISCOE, PEARCE,
SCHMUCKER, BURKE, PATTISON and URNER, JJ.

*Finley C. Hendrickson,* for the appellants.

*Ferdinand Williams* and *William E. Walsh,* for the appel-
lees.

PATTISON, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Alle-
gany County, sitting as a Court of Equity, sustaining the de-
murrer and dismissing the bill of complaint filed by the ap-
pellants against the appellees, asking for the sale of certain
real estate that was devised unto James D. Pollock under the
will of Joseph W. H. Pollock, to satisfy an alleged charge,
thereby created, of one thousand dollars and interest there-
on from the 28th day of February, 1892, said to be owing
the appellees as the heirs of one Walter H. Cook.

On the 7th day of May, 1888, Joseph W. H. Pollock exe-
cuted his last will and testament, by the first item of which
he devised all his real and personal property wherever sit-
uated unto his wife, Hannah Katherine Pollock, for and dur-
ing her natural life. By the second item he devised to his
eldest son, James D. Pollock, subject to the life estate of his
wife, Hannah Katherine Pollock, to take effect from and
after her death, certain lands lying and being in Allegany
County, Maryland. By the third item of his will he devised
to his youngest son, Robert S. Pollock, likewise subject to
the life estate therein devised to his wife, other real estate
in Allegany County. In the fourth item of his will he de-
vised unto his said sons, James D. Pollock and Robert S.
Pollock, as tenants in common, likewise subject to the life
estate of his wife, all the rest and residue of his real estate

in Allegany County. By the sixth item of his will he created the alleged charge, to enforce the payment of which the bill is filed in this case.

The language of said sixth item, so far as the same appertains to this alleged charge, is as follows: "I hereby charge the lands devised to my two sons, James D. Pollock and Robert S. Pollock, in Item Second, Third and Fourth of this will, with the sum of four thousand dollars, that is to say, the interest to each of them in the lands with the sum of two thousand dollars, and I hereby declare that said devises to them are made subject to the said charges, which shall be liens on their respective interests in said lands to the amount of two thousand dollars. The said James D. Pollock and Robert S. Pollock shall each pay my said daughter, Sallie High, the interest on one thousand dollars, at the rate of six per centum per annum, during her natural life, which said interest shall be payable annually, and shall be calculated from the death of my wife, the first payment to be at the end of one year from her death. Upon the death of my said daughter my said sons shall pay the said interest on the said sums of one thousand dollars each to Walter H. Cook, who is a son of my daughter, Sallie High, by her first marriage, until he has reached the age of twenty-four years, and upon the said Walter H. Cook arriving at the age of twenty-four years, provided he arrives at that age after the death of his said mother, or if the said Walter H. Cook is twenty-four years of age at the death of his mother, then each of my said two sons shall pay the sum of one thousand dollars to the said Walter H. Cook, or for his benefit, in the way that my said two sons may think of most benefit to him, and upon payment of the same as aforesaid, the said lands of James D. Pollock and Robert S. Pollock shall each be released from the said liens to the amount of one thousand dollars."

The testator died in June, 1888, survived by his wife, Hannah Katherine Pollock; Sallie High and Walter H.

Cook. Sallie High died March 16, 1891, and her death was followed by that of Walter H. Cook on June 7th, 1891, at the age·of twenty-one years, leaving Hannah Katherine Pollock, the life tenant, surviving both him and his mother, who died February 28th, 1892.

The complainants in their bill allege the facts which we have stated, and further allege that Walter H. Cook died, leaving D. Lee High, Ella C. Sellers and Ettie Sellers, the appellants, brother and sisters of the half blood, his only heirs at law. They further allege that neither Walter H. Cook nor his said heirs at law have received any portion of said charge of one thousand dollars nor any interest thereon, and that they are entitled to a decree for the sale of the real estate so devised to James D. Pollock to satisfy said charge and interest. To this bill the appellees demurred, and the Court sustained the demurrer and dismissed the bill. It is from this order of the Court so sustaining the demurrer and dismissing the bill that this appeal is taken.

We are called upon in this case to determine what interest or estate in the one thousand dollars made a charge upon the lands devised to James D. Pollock passed to Walter H. Cook under the will of Joseph W. H. Pollock. It is contended by the appellants that the estate or interest taken therein by Walter H. Cook, under the will, was vested in him immediately upon the death of the testator, although the enjoyment thereof was postponed until after the death of both his grandmother, Hannah Katherine Pollock, the life tenant, and his mother, Sallie High, and until he reached the age of twenty-four years; or, that is, the payment of the interest thereon to him was postponed until after the death of his grandmother and mother and the payment of the principal sum of one thousand dollars was postponed until the death of both his grandmother and mother, and until he arrived at the age of twenty-four years. While, on the other hand, it is contended by the appellees that the interest or

estate in the principal sum of one thousand dollars, taken by him under the will, did not vest in him immediately upon the death of the testator, but its vesting was contingent upon his arriving at the age of twenty-four years; and as he died before reaching that age, that it never vested at all, and as he did not survive his grandmother, the life tenant, he was never entitled to any interest therein; and consequently there was nothing to pass to the appellants who are claiming through him.

The question, therefore, presented by this appeal is: When was the interest or estate taken by Walter H. Cook under the will of Joseph W. H. Pollock to vest in him; that is, did it vest in him upon the death of the testator, or was it contingent upon the legatee arriving at the age of twenty-four years?

As was said by JUDGE PEARCE in *Poultney* v. *Tiffany,* 112 Md. 633: "The question of when an estate shall vest in interest, where there is more than one period mentioned at which it would be possible for it to vest, is one which has long perplexed the Courts and in reference to which there has been such great diversity and confusion of judicial opinion that it would be idle to attempt to reconcile all the cases even in any one jurisdiction. Two fundamental principles of construction, however, have been firmly established in all jurisdictions administering the principles of the common law—first, that the law favors the early vesting of estates and the Courts will, as a general rule, where there is more than one period mentioned, adopt the earlier one if this does not contravene the actual intent of the testator or donor as deduced from the terms of the instrument; second, that notwithstanding the preference of the law for early vesting, the testator or donor has the absolute right to fix the period of vesting at his pleasure 'and to make it depend upon a contingency, and when he has done this with reasonable certainty his wishes will prevail and the estate will not vest

until the happening of the contingency.' *Larmour* v. *Rich,* 71 Md. 369."

Therefore in interpreting the language of the testator used in his will we are to be governed by these fixed and established rules, and unless we find from the language so used by him that it was his intention to fix the period of the vesting of the estate upon the contingency of the arrival of the legatee at the age of twenty-four years, then we must fix the vesting of interest at the earlier period, to wit, upon the death of the testator.

The testator, in the sixth item of his will, uses this language: "Upon the death of my said daughter my said sons shall pay the said interest on the said sum of one thousand dollars each to Walter H. Cook, who is a son of my daughter, Sallie High, by her first marriage, until he has reached the age of twenty-four years, and upon the said Walter H. Cook arriving at the age of twenty-four years, *provided he arrives at that age after the death of his said mother, or if the said Walter H. Cook is twenty-four years of age at the death of his mother* then each of my said two sons shall pay the sum of one thousand dollars to the said Walter H. Cook, or for his benefit, in the way that my said two sons may think of most benefit to him." The difficulty in this case is largely produced by the insertion of the clause or expression therein contained which we have italicized, to wit, "provided he arrives at that age after the death of his said mother, or if the said Walter H. Cook is twenty-four years of age at the death of his mother." Without it it would read: "And upon the said Walter H. Cook arriving at the age of twenty-four years, then each of my said two sons shall pay the sum of one thousand dollars to the said Walter H. Cook." We must therefore inquire into the meaning of these words to ascertain the intention of the testator.

After the death of the testator's wife the interest on the one thousand dollars was to be paid to the daughter (if she

was then living) so long as she might live, and at her death the interest was then to be paid to Walter H. Cook until he reached the age of twenty-four years. This was the time fixed at which the payment of the interest should cease, and the time at which the principal sum of one thousand dollars was to be paid to Walter H. Cook, subject, however, to the proviso expressed by the language given. This proviso is in the alternative—that is, provided he arrives at that age after the death of his mother, or should be twenty-four years of age at the death of his mother. Therefore, he was to arrive at that age either after or before the death of his mother, and as this covered the whole time, it is equivalent to saying, provided he arrives at the age of twenty-four years, or provided he shall reach the age of twenty-four years before dying. With this interpretation the language of the will would read: Upon the said Walter H. Cook arriving at the age of twenty-four years, *provided he shall reach the age of twenty-four years,* then each of my said two sons shall pay the said sum of one thousand dollars to the said Walter H. Cook, etc. Thus we must determine from this language whether the testator, by the use of it, defeated the operation of the rule above quoted, and fixed the date of the vesting of the estate at the arrival of the legatee at the age of twenty-four years and that its vesting was contingent upon the happening of that fact.

"The word *provided* is a conditional term; so that if a bequest were made to B, 'provided' he attain twenty-one, the legacy will not vest in him before he arrives at that age." *Roper on Legacies,* 567.

In the case of *Webb* v. *Webb,* 92 Md. 113, the language used by the testator was: "To each of my grandsons, the sons of my deceased son, George Prescott Webb, who may live to reach the age of twenty-one years." This Court, speaking through JUDGE SCHMUCKER, said: "These legacies were given upon the plain condition that each legatee must arrive at the

given age to entitle him to take at all, and they are, there-
fore, not vested but contingent legacies, and do not begin to
bear interest until the title to them vests by the happening
of the condition upon which they are predicated."

We think the language used by the testator clearly dis-
closes the intent on his part to make the vesting of this
estate contingent upon the legatee reaching the age of twenty-
four years, and thereby takes it out of the rule above given,
and as the legatee died before reaching this age the estate
never vested in him.

It has been urged by the appellants that the facts of the
creation of the charge as it was created, and the provision
for a release upon the payment of the money, if ever paid
to the legatee by the devisees; with the further provision
in the will providing for the payment over of this money to
and the taking of releases from certain persons appointed as
trustees in other items of the will, if the devisees at any time
before the time of its payment under the will, desired to
release the lands so held by them from the lien of said
charge, so far indicated the intent of the testator to vest the
estate immediately in the legatee upon the death of the tes-
ator, that they overcame any and all other expressions of the
testator found in his will that might indicate that it was
his intention to postpone the vesting of said estate and make
it contingent upon the arrival of the legatee at the age of
twenty-four years. In this we cannot agree with them. The
testator charges the lands with the sum stated in the will,
not alone to secure the payment of the sum of one thousand
dollars, if under the will it should ever become payable, to
the legatee, but likewise to secure the payment of the inter-
est to his mother and to himself so long as it was payble
under the terms of the will. It was not made to secure the
payment of a present gift made to him under the will to be
enjoyed in the future, but, as we have said, was made as a
security for the payment of the interest to the parties entitled

and to secure the payment of the principal sum to the legatee should it ever become payable to him by the happening of the contingency of his arrival at the age of twenty-four years; and the provision for the release was made to apply only in the event of the payment over to him upon the happening of the contingency aforesaid. The provision of the will above referred to, enabling the devisees to obtain releases from the trustees therein named, provided that upon the payment of this money the trustees were to invest the same "for the benefit of said parties respectively until the principal can be paid under the aforegoing provisions and in accordance with them." This latter provision cannot, we think, materially strengthen the contention made by the appellants that this money was to be paid by the purchasers without regard to the happening of the contingency above referred to. It was to be invested and the interest thereon paid to the parties entitled thereto under the provisions of the will, and the principal sum to be held by them awaiting the happening of the contingency or until it could be ascertained what disposition should be made of it.

From what we have said we think the Court below committed no error in sustaining the demurrer and dismissing the bill. The order therefore is affirmed, with costs to the appellees.

*Affirmed.*